# IN THE UNITED STATES DISTRCIT COURT
# FOR THE SOUTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| DUANE SCHARF,<br><br>    Plaintiff,<br><br>vs.<br><br>WALTER G. ANDERSON, INC.,<br><br>    Defendant. | Case No. 4:16-cv-00409-SMR-HCA<br><br>**ANSWER TO PETITION** |

**COMES NOW,** Walter G. Anderson, Inc., ("Defendant"), by and through the undersigned attorneys and in response to Plaintiff Duane Scharf's ("Plaintiff") Petition ("Plaintiff's Petition") hereby states as follows:

## PARTIES, JURISDICTION AND VENUE

1. Defendant admits, upon information and belief, paragraph 1 of Plaintiff's Petition.

2. Defendant admits paragraph 2 of Plaintiff's Petition.

3. In answering paragraph 3 of Plaintiff's Petition, Defendant avers that the allegations contained therein constitute legal conclusions to which a responsive pleading is not required. To the extent the allegations in paragraph 3 of Plaintiff's Petitions are assertions of fact or otherwise require a response, Defendant denies that it committed any act or omission giving rise to the exercise of jurisdiction. Defendant admits that the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

## PROCEDURAL REQUIREMENTS

4. In answering paragraph 4 of Plaintiff's Petition, Defendant admits only that on

August 19, 2015, the Iowa Civil Rights Commission sent Defendant a letter informing them that Plaintiff filed a complaint against them alleging workplace harassment and discrimination identified as CP# 08-15-67785/EEOC# 26A-2015-00876C. Defendant denies that each of the acts complained of occurred within 300 days of the filing of the complaint.

5. In answering paragraph 5 of Plaintiff's Petition, Defendant admits only that on or about March 31, 2016, the Iowa Civil Rights Commission issued a right to sue letter with respect to Plaintiff's charge, CP# 08-15-67785/EEOC# 26A-2015-00876C.

## FACTUAL BACKGROUND

6. Defendant denies paragraph 6 of Plaintiff's Petition as stated. Defendant affirmatively states Plaintiff began his employment with the Company on July 9, 2012 as a Press Operator.

7. Defendant admits paragraph 7 of Plaintiff's Petition.

8. Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in paragraph 8 of Plaintiff's Petition, and on that basis, denies same and demands strict proof thereof.

9. In answering paragraph 9 of Plaintiff's Petition, Defendant affirmatively states Complainant has made no allegations regarding specific instances of sexually harassing conduct within the relevant 300-day limitation period and therefore his claim of sexual harassment is time-barred. Defendant denies that each of the acts of racially harassing conduct complained of in Plaintiff's Commission Complaint occurred within 300 days of the filing of the complaint. Defendant affirmatively states during his employment each of the concerns Plaintiff raised related to fellow employees were investigated by either the Plant Manager, the Human Resources

Department or a third-party investigator. Any claims made by Plaintiff related to harassing conduct were found to be non-meritorious. Defendant specifically denies Plaintiff's co-workers continued to harass him following the investigation. Defendant denies all remaining allegations contained in paragraph 9 of Plaintiff's Petition.

10. Defendant denies paragraph 10 of Plaintiff's Petition.

11. Defendant denies paragraph 11 of Plaintiff's Petition as stated. Defendant affirmatively states Plaintiff's demotion from the position of Press Operator to the position of Press Assistant II became effective April 20, 2015.

12. In answering paragraph 12 of Plaintiff's Petition, Defendant affirmatively states on April 20, 2015, Plaintiff's rate of pay changed from $33.00 per hour to $30.30 per hour. Defendant affirmatively states Plaintiff was the highest paid Press Assistant II.

13. Defendant denies paragraph 13 of Plaintiff's Petition.

## COUNT I
## Violation of the Iowa Civil Rights Act of 1965, As Amended, Iowa Code § 216

14. Defendant by reference incorporates its answers to paragraphs 1 - 13 of Plaintiff's Petition as if fully set forth herein.

15. In answering paragraph 15 of Plaintiff's Petition, Defendant states this is a legal conclusion to which a responsive pleading is not required. To the extent the allegations constitute assertions of fact, Defendant denies the allegations contained in paragraph 15 of Plaintiff's Petition.

16. In answering paragraph 16 of Plaintiff's Petition, Defendant states this is a legal conclusion to which a responsive pleading is not required. To the extent the allegations constitute assertions of fact, Defendant denies the allegations contained in paragraph 16 of Plaintiff's

Petition.

17. In answering paragraph 17 of Plaintiff's Petition, Defendant states this is a legal conclusion to which a responsive pleading is not required. To the extent the allegations constitute assertions of fact, Defendant denies the allegations contained in paragraph 17 of Plaintiff's Petition.

18. In answering paragraph 18 of Plaintiff's Petition, Defendant states this is a legal conclusion to which a responsive pleading is not required. To the extent the allegations constitute assertions of fact, Defendant denies the allegations contained in paragraph 18 of Plaintiff's Petition.

19. In answering paragraph 19 of Plaintiff's Petition, Defendant states this is a legal conclusion to which a responsive pleading is not required. To the extent the allegations constitute assertions of fact, Defendant denies the allegations contained in paragraph 19 of Plaintiff's Petition.

20. Defendant denies paragraph 20 of Plaintiff's Petition.

**WHEREFORE** Defendant respectfully requests that this Court dismiss Count I of Plaintiff's Petition in its entirety, assess the costs of this matter to Plaintiff, and grant Defendant such other and further relief as the Court deems just and equitable in the premises.

**COUNT II**
**Retaliation**

21. Defendant by reference incorporates its answers to paragraphs 1 - 20 of Plaintiff's Petition as if fully set forth herein.

22. Defendant denies paragraph 22 of Plaintiff's Petition.

23. In answering paragraph 23 of Plaintiff's Petition, Defendant states this is a legal

conclusion to which a responsive pleading is not required. To the extent the allegations constitute assertions of fact, Defendant denies the allegations contained in paragraph 23 of Plaintiff's Petition.

24. Defendant denies paragraph 24 of Plaintiff's Petition as stated. Defendant affirmatively states Plaintiff's demotion from the position of Press Operator to the position of Press Assistant II became effective April 20, 2015. Defendant denies all remaining allegations contained in paragraph 24 of Plaintiff's Petition.

25. In answering paragraph 25 of Plaintiff's Petition, Defendant affirmatively states on March 30, 2015 Plaintiff sent an email to Gayle Kingery which is a written document that speaks for itself and inconsistent characterizations thereof are denied.

26. In answering paragraph 26 of Plaintiff's Petition, Defendant affirmatively states on March 30, 2015 Plaintiff sent an email to Gayle Kingery which is a written document that speaks for itself and inconsistent characterizations thereof are denied.

27. In answering paragraph 27 of Plaintiff's Petition, Defendant admits only that on August 19, 2015, the Iowa Civil Rights Commission sent Defendant a letter informing them that Plaintiff filed a complaint against them alleging discrimination in employment identified as CP# 08-15-67785/EEOC# 26A-2015-00876C.

28. In answering paragraph 28 of Plaintiff's Petition, Defendant affirmatively states on August 19, 2015, the Iowa Civil Rights Commission sent Defendant a letter informing them that Plaintiff filed a complaint against them alleging discrimination in employment identified as CP# 08-15-67785/EEOC# 26A-2015-00876C. Defendant admits Plaintiff's employment with Walter G. Anderson, Inc. was terminated on August 12, 2016. Defendant denies all remaining

allegations contained in paragraph 28 of Plaintiff's Petition.

29. In answering paragraph 29 of Plaintiff's Petition, Defendant states this is a legal conclusion to which a responsive pleading is not required. To the extent the allegations constitute assertions of fact, Defendant denies the allegations contained in paragraph 29 of Plaintiff's Petition.

30. In answering paragraph 30 of Plaintiff's Petition, Defendant states this is a legal conclusion to which a responsive pleading is not required. To the extent the allegations constitute assertions of fact, Defendant denies the allegations contained in paragraph 30 of Plaintiff's Petition. Defendant further affirmatively states Iowa's civil rights statute, preempts independent common law actions also premised on discrimination.

**WHEREFORE** Defendant respectfully requests that this Court dismiss Count II of Plaintiff's Petition in its entirety, assess the costs of this matter to Plaintiff, and grant Defendant such other and further relief as the Court deems just and equitable in the premises.

**INJURIES**

31. In answering paragraph 31 of Plaintiff's Petition, Defendant states this is a legal conclusion to which a responsive pleading is not required. To the extent the allegations constitute assertions of fact, Defendant denies the allegations contained in paragraph 31 of Plaintiff's Petition. Defendant further affirmatively states damages are merely incidental to the main cause of action and do not constitute an independent cause of action.

**PRAYER FOR RELIEF**

Defendant denies Plaintiff is entitled to any damages including those listed in the Prayer for Relief section of Plaintiff's Petition.

**WHEREFORE** Defendant respectfully requests that this Court dismiss Plaintiff's Petition in its entirety, assess the costs of this matter to Plaintiff and for such other and further relief as the Court deems just and equitable in the premises.

## AFFIRMATIVE DEFENSES

1. Any allegations contained in Plaintiff's Petition not specifically admitted are hereby denied.

2. Plaintiff's Petition, and each alleged cause of action contained therein, fails to state a claim upon which relief may be granted.

3. Without admitting any of the allegations contained in Plaintiff's Petition, Defendant avers that Plaintiff's claims are barred to the extent that he failed to comply with the statute of limitations.

4. Without admitting any of the allegations contained in Plaintiff's Petition, Defendant avers at all times material to this action, Plaintiff was an at-will employee.

5. Without admitting any of the allegations contained in Plaintiff's Petition, Defendant avers some or all of Plaintiff's claims are barred by his failure to comply with all conditions precedent to the commencement of this action.

6. Without admitting any of the allegations contained in Plaintiff's Petition, Defendant avers Plaintiff cannot recover under the Iowa Civil Rights Act for any alleged acts of discrimination that were not the subject of a timely charge of discrimination filed with the Iowa Civil Rights Commission and Equal Employment Opportunity Commission.

7. Without admitting any of the allegations contained in Plaintiff's Petition, Defendant avers Plaintiff is barred from recovering for any alleged discrimination because he did

not suffer any tangible adverse employment action due to race and sex and (1) Defendant exercised reasonable care to prevent and correct any discriminatory behavior based on race and sex; and (2) Plaintiff unreasonably failed to take advantage of the preventive and/or corrective opportunities provided by Defendant and/or failed to otherwise avoid harm.

8. Without admitting any of the allegations contained in Plaintiff's Petition, Defendant avers Plaintiff's Petition, and each and every alleged cause of action contained therein, is barred by the fact that to the extent any employment decision was made or action taken with regard to Plaintiff was based on impermissible motive, the same decision would have been made regardless of such motive.

9. Without admitting any of the allegations contained in Plaintiff's Petition, Defendant avers Plaintiff's claims are barred by his failure to report any alleged acts of harassment to an appropriate representative of Defendant.

10. Without admitting any of the allegations contained in Plaintiff's Petition, Defendant avers some or all of Plaintiff's claims are barred since Defendant instituted reasonable and effective policies and procedures designed to ensure effective action on any complaints of discrimination or harassment.

11. Without admitting any of the allegations contained in Plaintiff's Petition, Defendant avers if any of the allegations of unlawful conduct contained in Plaintiff's Petition are found to have merit, such acts were not harassing.

12. Without admitting any of the allegations contained in Plaintiff's Petition, Defendant avers if any of the allegations of unlawful conduct contained in Plaintiff's Petition are found to have merit, the alleged conduct was not unwelcome.

13. Without admitting any of the allegations contained in Plaintiff's Petition, Defendant avers if any of the allegations of unlawful conduct contained in Plaintiff's Petition are found to have merit, such acts did not occur with sufficient frequency to create an abusive or hostile working environment.

14. Without admitting any of the allegations contained in Plaintiff's Petition, Defendant avers if any of the allegations of unlawful conduct contained in Plaintiff's Petition are found to have merit, there is no causal connection between Plaintiff's termination from employment and Plaintiff's acceptance or rejection of the alleged harassing conduct.

15. Without admitting any of the allegations contained in Plaintiff's Petition, Defendant avers it exercised reasonable care to prevent and correct promptly any harassing behavior and that Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendant or to avoid harm otherwise.

16. Without admitting any of the allegations contained in Plaintiff's Petition, Defendant avers in the event any of the allegations of unlawful conduct contacted in Plaintiff's Petition are found to have merit, Defendant took prompt and effective action to remedy such actions and has no liability for them.

17. Without admitting any of the allegations contained in Plaintiff's Petition, Defendant avers that Plaintiff's claim of wrongful termination in violation of public policy is barred to the extent Iowa's civil rights statute preempts independent common law actions also premised on discrimination.

18. Without admitting any of the allegations contained in Plaintiff's Petition, Defendant avers Plaintiff's Petition, and each and every alleged cause of action contained

therein, is barred by the fact that Plaintiff's sex and race were not motivating factors in any decision made concerning his employment status or any terms and conditions of his employment.

19. Without admitting any of the allegations contained in Plaintiff's Petition, Defendant avers Plaintiff's Petition, and each and every alleged cause of action contained therein, is barred by the fact that any employment actions Defendants took relating to Plaintiff were for proper, business-related reasons which were not arbitrary, capricious, or unlawful.

20. Without admitting any of the allegations contained in Plaintiff's Petition, Defendant avers it cannot be held liable for acts of its employees or agents, if any, committed outside the scope of their employment.

21. Without admitting any of the allegations contained in Plaintiff's Petition Defendant avers it cannot be held liable for the acts of its agents or its employees that it did not direct, authorize or ratify.

22. Without admitting any of the allegations contained in Plaintiff's Petition, Defendant avers if Plaintiff was damaged in any amount, Plaintiff failed to mitigate his damages, and, therefore, recovery is either barred or must be reduced proportionately.

23. Without admitting any of the allegations contained in Plaintiff's Petition Defendant avers any back pay or front pay amounts allegedly owed to Plaintiff must be offset by his interim earnings and/or amounts earnable by Plaintiff with reasonable diligence.

24. Without admitting any of the allegations contained in Plaintiff's Petition, Defendant avers any back pay liability they might otherwise have is eliminated and/or limited by any after-acquired evidence of wrongdoing by Plaintiff that would have precluded Plaintiff's hire and/or required his termination by Defendants had it previously been known to Defendants.

25. Defendants reserve the right to assert affirmative defenses that become known during discovery and/or trial.

                                    Respectfully submitted,

*/s/ Julie T. Bittner*
Kerrie M. Murphy, AT0005576
Julie T. Bittner, AT0009719
MWH LAW GROUP LLP
1501 42nd Street, Suite 465
West Des Moines, IA 50266-1090
Telephone: (515) 453-8509
Facsimile: (515) 267-1408
E-mail: kerrie.murphy@mwhlawgroup.com
E-mail: julie.bittner@mwhlawgroup.com
*Attorneys for Defendant*

## PROOF OF SERVICE

I hereby certify that on July 12, 2016, I electronically filed the foregoing with the Clerk of the Court using the electronic document management/electronic filing system which will send notification of such filing to the following:

Sarah M. Wolfe, At0012177
Nathaniel R. Boulton, AT0000992
HEDBERG & BOULTON, P.C.
100 Court Avenue, Suite 425
Des Moines, IA 50309
Telephone: (515) 288-4148
Facsimile : (515) 288-4149
E-mail: sarah@hedberglaw.com
E-mail: nboulton@hedberglaw.com
*Attorneys for Plaintiff*

Marcy A. O'Brien, AT0005869
O'BRIEN LAW FIRM
7850 Hickman Road, Suite B
Windsor Heights, IA 50324
Telephone: (515) 528-9540
Facsimile: (866) 728-0758
E-mail: marcy@obrienlawdsm.com
*Attorney for Plaintiff*

                                      */s/      Brooke Masek*