**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF IOWA**
**CENTRAL DIVISION**

| | |
|---|---|
| DUANE SCHARF, | Case No: 4:16-cv-409 |
| Plaintiff, | |
| vs. | **ORDER GRANTING JOINT MOTION** |
| | **FOR PROTECTIVE ORDER** |
| WALTER G. ANDERSON, INC., | |
| Defendant. | |

**NOW ON** this day of, 2016, this matter comes before the Court on Plaintiff, Duane Scharf ("Plaintiff") and Defendant Walter G. Anderson, Inc. ("Defendant") Joint Motion for Entry of Protective Order. The parties' Joint Motion for Entry of Protective Order is **GRANTED**.

**IT IS THEREFORE THE ORDER OF THE COURT** that:

1.     This Order shall govern all documents produced by Plaintiff and Defendant in this action. Furthermore, this Order shall govern all information derived from such documents, and copies, excerpts, or summaries thereof.

2.     For purposes of this Order, "document" means all written, recorded, or graphic material, in hard copy or electronic format, including, but not limited to: deposition transcripts and exhibits, trial and hearing transcripts and exhibits, pleadings, motions, affidavits, and briefs that may quote, summarize, or contain confidential information.

3.     To designate confidential information in documents, a party producing such material shall place a legend or stamp upon the document indicating such in a way that brings the designation to the attention of a reasonable examiner, or otherwise puts the recipient on

reasonable notice, that it contains confidential information. Inadvertent failure to make a "Confidential" designation prior to production will not prevent a subsequent confidentiality designation.

4.    In the event that, at any time, any party disagrees with another party's designation of documents or information as "Confidential," the parties shall first attempt to resolve the dispute by meeting and conferring.  If the dispute is not promptly resolved through the meet and confer process within seven (7) business days of notification of the non-producing party's disagreement with the "Confidential" designation, the producing party may apply to this Court for an order that the documents in question are, in fact, "Confidential." Pending resolution of a dispute over whether documents or information should be considered "Confidential" all parties and all other persons bound by this Protective Order shall continue to treat the material as "Confidential" until the issue is resolved by this Court. The parties agree that such application shall be presented for expedited consideration by this Court.

5.    All written information, documents, or portions subject to the terms of this Order shall be used by the parties **only for the purpose of the above captioned action** or any appeals therefrom and not for any other purpose whatsoever unless otherwise provided for in this Order.

6.    Documents and information subject to this Order shall not thereafter be given, shown, made available or communicated in any way by the parties or their counsel to anyone other than to the parties, experts, witnesses, potential witnesses, attorneys representing the parties in this action and their office staff,  independent third parties retained or used by attorneys of record in this litigation solely for the purposes of preparation, trial, appeal, or settlement of this litigation, court reporters while in the performance of their official duties and the Court.

7.      Before disclosing any confidential documents or information pursuant to paragraph 6, the party seeking disclosure shall inform the individual that this Order applies to, and is binding upon, such individual. No recipient or other person to whom confidential information is disclosed shall copy, transcribe, or otherwise reproduce in written or any other form any part or portion of such information except as necessary for purposes of the litigation. Each recipient or other person to whom confidential information is disclosed must agree to return such information at the conclusion of this litigation as provided in Paragraph 9.  This provision does not apply to the Court and Court staff.

8.      Use of Confidential Documents or Information in Depositions. Information revealed in a deposition, whether in a question, answer or exhibit, may be designated confidential by noting a claim of confidentiality pursuant to this Order on the record at the time of the depositions, whenever reasonably possible. The confidential portion shall be identified as such in the caption or title of the transcript and on each page that contains confidential information. The party claiming confidentiality shall, on the record, advise all persons present at the deposition that the information is confidential and is subject to a Protective Order governing its use. Before the disclosure of previously designated confidential information in a deposition, all persons who have not theretofore been made subject to this Order shall be given a copy of this Order and shall acknowledge on the record of such deposition that they have read the Order and agree to be bound by its terms. When the claim of confidentiality is not made in advance of disclosure or at the time of the deposition, it may be made in writing within a reasonable time thereafter, at which point the designated material shall be accorded confidential treatment pursuant to this Order and counsel for the party making the claim of confidentiality shall ensure that the preceding provisions of this

subparagraph concerning the transcription and identification of confidential material are followed.

8A.    Use in Filing at Trial.  The parties may make recommendations to the Court regarding the handling of confidential materials in a hearing or trial but the presiding judge shall determine how those materials will be handles during a hearing or trial.  Confidential documents to be included in a court filing should be filed under seal in accordance with LR 5.c.

9.    At the conclusion of this lawsuit, including all appeals, all originals, reproductions and summaries of material subject to this Order shall be either returned or certified as destroyed. Counsel may retain any documents necessary to comply with laws, rules, and regulations, and to protect themselves from claims under their professional liability policies. This Order shall, unless permission is given by the designating party or a further order is issued by this Court, continue to be binding following the conclusion of this action. Documents that are part of the publicly accessible court file are not subject to this paragraph.

10.    Nothing herein shall be deemed to limit the parties in any way from using their own documents and information.

11.    Nothing in this Order shall limit the parties or counsel from voluntarily agreeing in writing to modify this Order, with the Court's approval.

**SO ORDERED** this 22nd day of November, 2016.

_____
HELEN C. ADAMS
UNITED STATES MAGISTRATE JUDGE

Copies to:

Sarah M. Wolfe, At0012177
Nathaniel R. Boulton, AT0000992
HEDBERG & BOULTON, P.C.
100 Court Avenue, Suite 425
Des Moines, IA 50309
Telephone: (515) 288-4148
Facsimile : (515) 288-4149
E-mail: sarah@hedberglaw.com
E-mail: nboulton@hedberglaw.com
*Attorneys for Plaintiff*

Marcy A. O'Brien, AT0005869
O'BRIEN LAW FIRM
7850 Hickman Road, Suite B
Windsor Heights, IA 50324
Telephone: (515) 528-9540
Facsimile: (866) 728-0758
E-mail: marcy@obrienlawdsm.com
*Attorney for Plaintiff*

Kerrie M. Murphy, AT0005576
Julie T. Bittner, AT0009719
MWH LAW GROUP LLP
1501 42nd Street, Suite 465
West Des Moines, IA 50266-1090
Telephone: (515) 453-8509
Facsimile: (515) 267-1408
E-mail: kerrie.murphy@mwhlawgroup.com
E-mail: julie.bittner@mwhlawgroup.com
*Attorneys for Defendant*