IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
**CENTRAL DIVISION**

| | |
|---|---|
| DUANE SCHARF,<br><br>    Plaintiff,<br><br>vs.<br><br>WALTER G. ANDERSON, INC.,<br><br>    Defendant. | 4:16-cv-409-SMR-HCA<br><br><br><br>**ORDER ON DEFENDANT'S MOTION TO COMPEL** |

Defendant Walter G. Anderson, Inc. (WGA) filed a Motion to Compel. [ECF No. 15]. Plaintiff Duane Scharf (Scharf) resisted. [ECF No. 17]. The Court held a hearing on WGA's Motion on January 11, 2017. The Court considers the matter fully submitted and decides the motion on the briefing and oral arguments of the parties.

## FACTS

On July 9, 2012, WGA hired Scharf as a Press Operator. On August 12, 2015, WGA terminated Scharf's employment. On June 15, 2016, Scharf commenced a lawsuit against WGA in the Iowa District Court for Jasper County alleging racial and sexual harassment and retaliation. His claims focus on the alleged racial and sexual harassment Scharf endured from his coworkers relating to the fact that he is a Caucasian man married to an African-American woman, and has African-American children. Scharf demands lost wages, emotional distress damages, costs, and attorney's fees. On July 5, 2016, WGA removed the case to this Court.

WGA's Motion to Compel concerns its Request for Production No. 25 (RPD 25), which requests

> Copies of the user content (including, but not limited to, posts, messages, chats, ect.) of all social media sites utilized by Plaintiff, including, but not limited to,

1

> collaborative projects (*e.g.*, Wikipedia), blogs and microblogs (*e.g.*, Twitter), content communities (*e.g.*, YouTube) and social networking sites (*e.g.*, Facebook*, Google+), for the time period of July 9, 2012 through the present that reveal or refer to: (1) any emotion, feeling or mental state; (2) any events that could reasonably be expected to produce a significant emotion, feeling, or mental state; (3) Defendant, Plaintiff's employment at Walter G. Anderson, Inc. or termination from employment at Walter G. Anderson, Inc.; and (4) Plaintiff's search for employment following the termination of his employment with Walter G. Anderson, Inc.

[Def.'s App. 3–4, ECF No. 15-1]. It appears from WGA's Exhibit A that Scharf initially did not provide information in response to RPD 25, but rather objected to the request in a communication not included in the present record. [Def.'s App. 4]. Scharf supplemented his answer to RPD 25 by providing a link and a copy of Scharf's public Facebook profile, but otherwise declined to provide his Facebook profile's private content because it was confidential, and not reasonably calculated to lead to relevant information.

Scharf has maintained a Facebook account since 2010. His account's current privacy settings allow his Facebook friends to see his posts and pictures, but prevent the public from accessing most of this information. Scharf currently has 208 Facebook friends. The parties orally agreed at the motion hearing that Scharf's public Facebook profile does not contain any relevant evidence. Scharf also uses the Facebook Messenger application to communicate with other Facebook users. Scharf's counsel indicated at the motion hearing that some of the messages on his Facebook Messenger application fall within the scope of information requested by RPD 25. Scharf has no other social media accounts.

## DISCUSSION

WGA argues that its request is narrowly tailored, and only seeks relevant evidence from Scharf's Facebook profile[1] for the time period of July 9, 2012 to the present. WGA also argues

---

[1] The Court interprets "profile" to mean any content—including postings, pictures, blogs, messages, personal information, lists of "friends" or "groups" joined—that Scharf has placed, allowed to be placed, or created online on his Facebook account.

2

that the case law analyzing the scope of discovery of social media information supports granting its Motion. Scharf asserts that WGA is requesting all of his social media activity for this time period, and that a request for all information relating to Scharf's emotional state is unduly burdensome. With the exception of his public Facebook profile, Scharf argues that the information is confidential and not likely to lead to the discovery of admissible evidence.[2] Finally, Scharf contends that WGA needs to allege a factual basis, predicated on content found on Scharf's public profile, to indicate that his private Facebook profile contains relevant information.

WGA's Motion to Compel is **granted**. Federal Rule of Civil Procedure 26 authorizes discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." FED. R. CIV. P. 26(b)(1). Rule 26 makes clear that a party's claims and defenses define the scope of discovery, not the communication medium at issue. Statements, including pictures or other postings, reflecting a party's emotional state are generally relevant in a case involving a claim for emotional distress damages. *See Pundt v. Select Portfolio Servicing, Inc.*, No. C10-0159, 2011 WL 6396617, at *2–4 (N.D. Iowa Dec. 20, 2011). Evidence relating to other stressors in a party's life also is relevant to an emotional distress claim. *See Gatewood v. Stone Container Corp.*, 170 F.R.D. 455, 460 (S.D. Iowa 1996); *Pundt*, 2011 WL 6396617, at *2. Furthermore, comments that Scharf made about WGA or his employment with WGA fall within the scope of permissible discovery. The same is true of Scharf's job search or mitigation of damages.

Information from a party's social media account does not receive any special protection, simply because the account's privacy settings restrict access to the information. *E.E.O.C. v. Simply*

---

[2] The Court notes that Scharf has not articulated the proper standard for the scope of discovery. Federal Rule of Civil Procedure 26(b)(1) states: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . . Information within this scope of discovery need not be admissible in evidence to be discoverable."

*Storage Mgmt., LLC*, 270 F.R.D. 430, 434 (S.D. Ind. 2010). Courts often permit discovery of social media information that is relevant to a party's claims, but they may also require that party to provide unlimited access its entire social media account in certain situations. *Compare Holter v. Wells Fargo & Co.*, 281 F.R.D. 340, 344 (D. Minn. 2011) (permitting discovery limited to relevant social media information), *with McMillen v. Hummingbird Speedway, Inc.*, No. 113-2010 CD, 2010 WL 4403285 (Pa. Ct. C.P. Jefferson Sept. 9, 2010) (allowing complete access to plaintiff's social media account when his public profile contained evidence of him lying about the extent of his injuries). The information that WGA requests—evidence of Scharf's emotions, events that should elicit emotions, references to Scharf's employment at or termination from WGA, and evidence relating to Scharf's job search—is all relevant to either Scharf's emotional distress or economic damages claim or the essential facts underlying the case.

The burden on Scharf to produce his private Facebook information relating to his emotional status is proportional to the needs of this case. Scharf put his emotional state at issue when he claimed emotional distress damages. WGA's request is already limited to only relevant information, not a wholesale production of all information on Scharf's Facebook account. The information is also easy to download and review. The Court finds that WGA is entitled to the limited private information on Scharf's Facebook account that RPD 25 seeks. Furthermore, the information can be produced subject to the terms of the protective order already approved in the case. [ECF No. 14].

The Court declines to require WGA to allege a factual basis before receiving the relevant information from Scharf's private Facebook profile. It is reasonable to assume that some evidence of a person's emotional state would appear on that person's private social media profile; the Court does not require a party to show a factual basis before believing so under these facts. If this

4

information exists, it is discoverable. If it does not, then there is nothing for Scharf to produce. WGA is not requesting, and this Court is not requiring Scharf to produce, the entire contents of his Facebook account, or his username and password. Requiring WGA to show a factual basis before Scharf must produce this relevant Facebook information would only serve to unnecessarily delay discovery.

The cases Scharf cites in support of requiring WGA to make a factual showing are distinguishable. They generally involve situations where the moving party requests access to the nonmoving party's entire social media account, often in the form of the person's username and password. *See, e.g.*, *Tompkins v. Detroit Metro. Airport*, 278 F.R.D. 387, 389 (E.D. Mich. 2012); *Mackelprang*, 2007 WL 119149, at *2; *Zimmerman v. Weis Mkts., Inc.*, No. CV-09-1535, 2011 WL 2065410 (Pa. Ct. C.P. Northumberland May 19, 2011); *McMillen*, 2010 WL 4403285. RPD 25 is much narrower than the access the moving parties requested in the cases Scharf cites. Here, it is not necessary to provide Scharf with a factual basis before requiring it to produce the evidence because WGA already limited its request to relevant information. These distinctions negate Scharf's argument that this is a "fishing expedition." The Court finds that WGA's request is narrowly tailored to information that is relevant to the claims and defenses at issue in this case.[3]

**CONCLUSION AND ORDER**

WGA's Motion to Compel is **granted**. Scharf and his counsel shall download and review Scharf's private Facebook profile for the period between July 9, 2012 and the present and produce content that reveals or refers to: (1) any emotion, feeling, or mental state, (2) any event that could

---

[3] The Court notes that part of WGA's RPD 25 is copied almost verbatim from the United States District Court for the District of Minnesota's approved scope of discovery in *Holter v. Wells Fargo & Co.*, 281 F.R.D. 340, 344 (D. Minn. 2011).

reasonably be expected to produce a significant emotion, feeling, or mental state, (3) WGA, Scharf's employment with or termination from WGA, and (4) Scharf's search for employment following his termination from WGA. This includes information as described in footnote 1, such as posts or pictures that Scharf is tagged in, and any Facebook Messenger messages that are relevant to the four categories of information listed above. Scharf does not have to provide full access to his Facebook profile to WGA to comply with this Order. **Scharf shall produce any information that he finds within the scope of Request for Production No. 25 by February 7, 2017**.

IT IS SO ORDERED.

Dated this 27th day of January, 2017.

_____
HELEN C. ADAMS
UNITED STATES MAGISTRATE JUDGE